(7 App. Div. 172)

ALLEN v. TARRANT & CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT TO RECEIVE PAYMENT.

    On an issue as to whether one C., an employé of plaintiff, was authorized to receive and indorse checks given to him by defendant for an indebtedness to plaintiff, it appeared that C. came to defendant's place of business, and presented a bill from plaintiff to the cashier, who gave a check payable to plaintiff's order. The check was indorsed by plaintiff for deposit, and duly paid. Afterwards the employé brought another bill, and obtained another check, and receipted the bill; and defendant did not see the check again until it was returned from the bank as paid, and indorsed in defendant's name by C. Afterwards another bill was presented, and a check given therefor; and later in the day C. returned, and requested defendant's cashier to cash the check, as it would be an accommodation to plaintiff and himself. The cashier went with him to the bank, and introduced him to the paying teller, who, after asking if the indorsement was that of plaintiff, cashed the check. Afterwards plaintiff charged C. with larceny of the money represented by such check. *Held*, that the authority of such employé was a question for the jury.

Appeal from circuit court, New York county.

Action by William Allen against Tarrant & Co., a domestic corporation. From a judgment entered on a verdict in favor of plaintiff for $431.59, defendant appeals. Reversed.

    The action was for goods sold and delivered, and the defense was payment in full by means of two checks. Upon the trial, it appeared, on the question of payment, that on July 12, 1893, one Cook, who was a salesman in plaintiff's employ, came to the defendant's place of business, and, presenting a statement of the amount due, asked the defendant's cashier to pay the account, and that thereupon the latter gave Cook a check to the order of the plaintiff for the same. This check was regularly indorsed by the plaintiff for deposit, and placed in bank, and was duly paid, and concerning this check there is no dispute. Thereafter, and on July 20, 1893, Cook again came to the de-

fendant, and for another bill obtained another check. He receipted the bill, and defendant did not see the check again until it came back from the bank the following month as paid, and indorsed, "William Allen & Company. H. M. Cook." On August 9, 1893, a similar transaction took place, Cook receiving, in payment of a bill due the plaintiff, a check from the defendant. On the afternoon of the day upon which this last check was delivered, Cook returned, and stated to the defendant's cashier that it would be an accommodation to the plaintiff and to himself if the defendant would cash the check for him. The cashier thereupon went with Cook to the Irving Bank, and introduced him to the paying teller, who, after asking whether the indorsement was that of the plaintiff, and receiving an affirmative answer, gave him the money. On August 18, 1893, plaintiff made a charge against Cook, in the Tombs police court, of grand larceny of money represented by one of the checks, and, in his affidavit, swore that Cook had stolen from him the following property: "$185.12, good and lawful money of the United States, the property of Wm. Allen & Company, of which firm deponent is a member. * * * Deponent is informed by George C. Hopkins * * * that, on said day, he, as clerk for Tarrant & Company, paid the annexed check to the said Harry M. Cook, for the account of William Allen & Company. As deponent never received said check, nor the money thereon, and as the same has been passed through the bank on which it was drawn, and the money paid thereon, and as deponent identifies the indorsement, 'Harry M. Cook,' on the back of said check, to be, the handwriting of Harry M. Cook, and the said Harry M. Cook has kept away from deponent, and left his place of business, deponent charges him, Harry M. Cook, with grand larceny." The defendant proved that the checks were paid at its bank, and that no claim was made upon it until two years after the transaction, and then rested. The plaintiff took the stand, and testified to the amount of interest due upon his demand, and that the same had not been paid, and rested, and asked the court for a direction of a verdict in his favor. The defendant asked to go to the jury upon the question of Cook's authority to receive the checks in payment, and upon all the evidence in the case. The court denied the defendant's motion, and granted that of the plaintiff, to which an exception was taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James J. Allen, for appellant.

Lilian Herbert Andrews, for respondent.

O'BRIEN, J. It is true that delivery of a check is not payment, "unless in some special case, if such a case can be supposed, where the check was taken in absolute payment and extinguishment of the debt." Thompson v. Bank, 82 N. Y. 8. The delivery of a check to the principal or his authorized agent, and the subsequent payment of the same, operate to discharge an indebtedness for which it is given. The evidence here shows that the checks intended as payment of the indebtedness were given to one Cook, who was in plaintiff's employ, and subsequently paid by defendant's bank. Upon the questions as to whether Cook was authorized to receive or indorse them, the evidence is that, prior to the giving of the checks in dispute, the plaintiff, through Cook, received a check of the defendant's which was deposited in the plaintiff's account in bank, and paid by the defendant. If the plaintiff had desired to disavow Cook's action in receiving checks in settlement of accounts, then, seemingly, was the time to have notified defendant. Having kept silent, and to some extent justified defendant's belief that Cook was authorized to accept checks, this was some evidence bearing on the question of Cook's authority. There was, in addition, the

evidence that plaintiff charged Cook in a police court with grand larceny, and, in the affidavit, stated that Cook had stolen his property, viz. the proceeds of the checks. Unless he regarded Cook as his agent to receive checks, indorse them, and collect the money, he could not truthfully or legally claim that the money received by Cook was his. After waiting two years, however, he assumed another and inconsistent position, and sued the defendant, upon the theory that Cook was not authorized, and that the money received was not the plaintiff's.

Although plaintiff was a witness, he did not say that the indorsements of the checks were forged, or that Cook was not authorized to receive or indorse them; but, relying on the presumed weakness of the evidence to support the defense, he moved to direct a verdict in his favor, which was granted, and to which defendant excepted, as it did to the denial of its motion to go to the jury on the question of Cook's authority. These exceptions, we think, were well taken, because not only was there some evidence from which the jury could infer Cook's authority, but there was also evidence to justify a finding that the money received on the checks was lawfully in Cook's possession, as agent for plaintiff, and that he converted it to his own use. We do not think that this case, in principle, can be distinguished from Sage v. Burton, 84 Hun, 267, 32 N. Y. Supp. 1122.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.