Matthew M. Levy, J.
A judgment, as yet unpaid, has heretofore been duly entered in the plaintiff’s favor and against the defendant Sidney Schupper, sometimes hereinafter referred to as Sidney S. Schupper. The plaintiff now moves before me, pursuant to rule 113 of the Rules of Civil Practice, that summary judgment be awarded bim against the defendant Chase Manhattan Bank. The facts of the case, as disclosed in the papers, are as follows:
The plaintiff is the agent in New York of one Samuel Schupper of Chile. He brings this action as the assignee of Samuel Schupper and also of one Carl Wolf of The Netherlands. Samuel Schupper maintained an account in his name, “ Samuel Schupper ”, of Santiago de Chile, at the defendant Chase Bank in New York. This was a regular current United States dollar account at the international department of the head office of the bank. In February, 1956 Samuel Schupper in Chile shipped certain merchandise to Wolf in The Netherlands. Wolf and one A. Rottenberg (the latter an agent in England of Samuel Schupper) directed a Rotterdam bank to effect payment of the sum of $8,246.75 to Samuel Schupper at the Chase Bank in New York. On or about March 20,1956, the Rotterdam bank directed the Chase Bank in New York to effect payment in accordance with the following written instructions:
“Amount To In Favour of
$8,246.75 messrs. S.
Schupper,
New York
By Order of Mr. Carl Wolf, Driebergen ”
When these instructions were received at the Chase Bank on March 23, 1956, a search was made by it on that day for “ Messrs. S. Schupper ” in its record files, in which are contained listings of all of its accounts. No such account was found, although a card for “ Samuel Schupper ” was there. As the bank official stated on his examination before trial, this particular case then went to the “trouble clerk ” “because it was a little irregular ”, in that no address was given for the beneficiary of the instructions. This employee then looked into the Manhattan telephone directory and found the name of “ S. Schupper ”, 16 Bridge Arch, New York, the only ‘ ‘ S. Schupper ’ ’ listed in the telephone book. The bank had no account with such Schupper. After a telephone conversation with Sidney S. Schupper’s secretary and then with Sidney S. Schupper, the bank, on that same day, March 23, made out a check for the amount to the order of “ Messrs. S. Schupper ”, and, on March 24, sent it to Sidney S. Schupper at his business address as given in the telephone book in the name of S. Schup *200 per. Sidney S. Schupper received the check, indorsed it “ S. Schupper ” and “ Sidney S. Schupper” and the check cleared the banks in routine fashion. The defendant Sidney Schupper received the proceeds thereof. Notice of alleged compliance with the instructions received by it was subsequently forwarded by the Chase Bank to The Netherlands, whereupon a cable was sent to the Chase Bank on April 23,1956, that ‘ ‘ Payment Should Be Effected to Schupper Santiago de Chile Foreign Account. Obtain Refund.” This second instruction was not carried out. The payment as actually made was eventually charged by the Chase Bank against the account of Samuel Schupper maintained in the Chase Bank, and, as I have said, the claim for reimbursement has been assigned to the plaintiff who has brought this action to recover from the Chase Bank the amount thus charged.
There is no dispute as to the essential facts. On these facts, the plaintiff sues on four causes of action against the Chase Bank: (1) That Samuel Schupper, the plaintiff’s assignor, was a third-party beneficiary of a contract between the Chase Bank and the Rotterdam bank; (2) that the Chase Bank, upon receiving the order from the Rotterdam bank, was deemed to have made a deposit to the account of Samuel Schupper, the plaintiff’s assignor; (3) that the Chase Bank was negligent in the performance of its contract, in that the Chase Bank breached its duty owed to its depositor (Samuel Schupper) in paying out funds intended for him and in not depositing these funds to the account of the depositor, or, at least, in not inquiring of the Rotterdam bank as to the proper disposition of the funds before paying the money out; and (4) that the Rotterdam bank was, to the knowledge of the Chase Bank, acting as the agent of Wolf, that the Chase Bank owed a duty to ascertain the person to whom the funds should be paid, and that the Chase Bank negligently paid out the funds to Sidney Schupper. Although stated in several different theories, the plaintiff’s claim for relief is based upon the alleged legal impropriety, in the circumstances, of the Chase Bank’s payment to Sidney Schupper of an amount due to Samuel Schupper.
Normally, a bank is liable for payment to the wrong party irrespective of fault on its part (Graves v. American Exch. Bank, 17 N. Y. 205; Strang v. Westchester County Nat. Bank, 235 N. Y. 68, 70). Sidney Schupper did not indorse the check “ Messrs. S. Schupper ”. He indorsed it “ S. Schupper ” and then his full name “ Sidney S. Schupper ”. Sidney Schupper’s indorsement may have been a forgery, for one may commit a forgery by use of his own name if that name is used with intent *201 to deceive (International Union Bank v. National Sur. Co., 245 N. Y. 368, 373). But the forging of the indorsement, if that it were, would not absolve the Chase Bank of responsibility (Strang v. Westchester County Nat. Bank, supra; Negotiable Instruments Law, § 42).
The bank may relieve itself of liability by establishing that the sender or depositor had been guilty of negligence in regard to the payment in question, and that it was solely by reason of such negligence that the payment was made (Thomson v. New York Trust Co., 293 N. Y. 58, 68; Potts & Co. v. Lafayette Nat. Bank, 269 N. Y. 181, 187-188). The only act of the depositor which is claimed by the Chase Bank as negligence is the fact that, when his agent in Rotterdam cabled the defendant bank to make payment “in favour of messrs. S. Schupper, New York ”, the instruction was not as specific as it might be, since the party recipient intended was Samuel Schupper, Santiago de Chile, a depositor in the Chase Bank. I am of the opinion that such an instruction is not necessarily negligent. But, assuming that I cannot, as a matter of law, say that the giving of such a direction by the sender was not negligence as being the proximate cause of the error in payment, nevertheless, if it were negligence as a matter of law or fact, the defendant bank is still faced with the problem of whether or not, by virtue of its conduct, it should not be held liable to its depositor.
In my view, it should. It had the ‘1 last clear chance ’ ’ to avoid a payment to the wrong party. Indeed, the defendant bank owed a duty to pay to the proper payee — “ Messrs. S. Schupper, New York ” — and the bank is liable, regardless of lack of fault, if it pays to a different person, even to one having the same name as the intended payee (Cohen v. Lincoln Sav. Bank, 275 N. Y. 399; Graves v. American Exch. Bank, 17 N. Y. 205, supra; American Sur. Co. v. Empire Trust Co., 262 N. Y. 181). As stated in Myers v. Brown (142 App. Div. 658, 664, affd. 206 N. Y. 718) “ the paying bank is required to satisfactorily identify the payee ”. And it was held in Stella Flour & Feed Corp. v. National City Bank (285 App. Div. 182, 184, affd. 308 N. Y. 1023) that a bank is to be held to a “ high standard of contractual responsibility” to its depositor. In Gutfreund v. East Riv. Nat. Bank (251 N. Y. 58) the court discussed the leading case of Young v. Grote ([1827] 4 Bing. 253), and stated (p. 65): “We reach the conclusion that the plaintiffs may have been negligent in drawing the checks but that (heir negligence was not the cause of the failure of duty on the part of the bank in paying the money to Hunold without proper identification of the payees and of their purported signatures. ’ ’
*202 The bank in the case at bar must show not only that the depositor was careless, but that it was itself free from any subsequent negligence in regard to this transaction (Prudential Ins. Co. v. National Bank of Commerce, 227 N. Y. 510, 523). It is hardly arguable, so as to raise a triable issue, that — while the original direction may not have been precise, or altogether clear in pointing out that the Schupper involved had an account at the bank which was a foreign account — this possible carelessness on the part of the sender is to be regarded as the proximate cause of the payment, when the defendant’s gross negligence intervened to cause such immediate payment to a total stranger without adequate identification, when such recipient was selected by the bank on the odd basis of a telephone book examination and upon the kind of investigation it here conducted. The claimed ambiguity in the sender’s instructions does not give the bank carte blanche to pay anyone who might be named “ S. Schupper ”. If the directions were too indefinite to permit adequate identification of the specific payee, the bank clearly owed the sender a duty to seek clarification, rather than to proceed as it did.
It should be noted that the original direction received by the bank from The Netherlands on March 23, 1956 required that the specified amount be paid not “ to ” a designated person in the blank provided on the printed order, but rather “ in favour ” of the designated person as indicated in the next blank provided on the form. I would be inclined to say, in agreement with the plaintiff, that that was a direction that payment was not to be made to Schupper but was to be credited to his account — and thus a clear indication that the Schupper to be communicated with, the Schupper who was the intended beneficiary of the direction, was the one who had an account in the Chase Bank. But, assuming (as I have found in some lexicons) that it is not clear whether “ in favour of ” means “ deposit to the account of ” or “ pay to ” (cf. Ballentine’s Law Dictionary, p. 491 and Stroud’s Judicial Dictionary, p. 704) that does not aid the defendant. For, in the case at bar, it is evident that the Chase Bank was negligent in four separate ways: (1) in failing to find Samuel Schupper among its depositors; (2) in paying out the money at once instead of holding it; (3) in not making reasonably certain that it was Sidney Schupper who was the intended payee; and (4) in not seeking further instructions from the sender. The point now being discussed affects only the second of the bank’s four negligent acts or omissions. The ambiguity, if any, in that respect is, therefore, not determinative of this application. I must conclude, in my search for the existence of *203 a triable issue, that what the Rotterdam bank did in its original direction may not be regarded as a contributing factor to the result, but rather that the result was the fault of the defendant.
The sender’s later notice to the Chase Bank is urged upon me by it as an estoppel of the plaintiff or admission of negligence. I do not agree. In making its claim of estoppel, the defendant bank relies upon the cases of Thomson v. New York Trust Co. (supra); Potts & Co. v. Lafayette Nat. Bank (supra); Prudential Ins. Co. v. National Bank of Commerce (supra); and Morgan v. United States Mtg. & Trust Co. (208 N. Y. 218). None of them is in point on this issue; all of them deal with acts of depositors prejudicial to the banks that were antecedent to the erroneous payments made by the banks. And, I see no merit in the contention that there was an admission of negligence in the sender’s later instructions that payment should be effected to “ Schupper, Santiago de Chile Foreign Account ”, and that a refund should be obtained from Sidney Schupper. The bare statement of the subsequent directive negatives the claim of admission. Indeed, that is recognized by the official of the defendant bank whose affidavit is submitted in opposition to the present motion, for he states flatly that the telegram of April 23 ‘ ‘ contained new and different instructions ’ ’.
There is no substantial dispute as to the facts. There is no triable issue. The defendant bank’s redress is against its codefendants. The plaintiff is entitled to judgment as against the defendant bank. The present motion is granted, and an order to that effect has been signed and entered, which order provides also for the severance of the action in respect of the remaining defendants.