█ MARJORIE P. MYERS, as Administratrix of the Estate of JOHN MYERS, Deceased, Respondent, v. FIRST NATIONAL BANK OF SCOTIA, NEW YORK, et al., Defendants and Third-Party Plaintiffs-Appellants. EDWARD P. MYERS, Third-Party Defendant-Respondent.— Appeals from a judgment of the Supreme Court in favor of plaintiff, entered July 31, 1972 in Albany County, upon a decision of the court at a Trial Term, without a jury. In September, 1970 Edward Myers, the father of John Myers, plaintiff's intestate, received a check in the amount of $4,397.43 representing settlement proceeds of an accident in which John Myers had been injured*. At the time of receipt of the check, John was in a coma in a local hospital. His father took the check to the Colonie Branch of the First National Bank of Scotia and opened a joint account in his name and his son's and, without the bank's knowledge, indorsed his son's name on the back of the check. The branch manager was informed that John was unable to come in to sign the signature card, but not informed of the critical condition of John. After the check was deposited and cleared, the branch manager learned from John's attorney that the funds belonged solely to John and, upon the attorney's advice, the joint account was closed and, on September 25, 1970, a cashier's

---

* The designated payee was as follows:
Mr. John Myers
Ed. Meyer and Sons Sign Co.
2 Martin Terrace
Albany, New York

check payable to John Myers was sent to Edward Myers with a letter of explanation. The check was then sent to John's attorney who indorsed and deposited the check in his attorney's account at the Community State Bank. Community guaranteed all indorsements and forwarded the check for collection, and ultimately First National paid it out of the funds it was holding in the account which Edward Myers had opened. Subsequently, both John Myers and his attorney died, the former without ever gaining consciousness. The plaintiff, as administratrix of John's estate, commenced this action against the two banks seeking the proceeds of the check, and both banks cross claimed against each other and Edward Myers. First National was properly held liable to plaintiff for the full amount of the cashier's check it drew payable to John Myers. The cashier's check, which established a debtor-creditor relationship between First National and John Myers, represented a conditional payment (Uniform Commercial Code, § 2–511, subd. [3]; § 3–802, subd. [1], par. [b]), and neither it nor its proceeds ever reached John Myers or his lawful agent authorized to receive payment. Since First National was a payor bank (Uniform Commercial Code, § 4–105, subd. [b]) and it paid the check on a forged indorsement, it was liable to plaintiff for conversion (Uniform Commercial Code, § 3–419, subd. [1], par. [c]). Community State Bank, as a collecting bank, breached its warranty that it had good title to the check or that it was authorized to obtain payment on behalf of one who had good title and, therefore, was cast in damages to the payor bank, First National (Uniform Commercial Code, § 4–207, subd. [1], par. [a]). The cross claims were properly dismissed. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.

