OPINION OF THE COURT

Per Curiam.

Order entered June 8, 1977 (Mercorella, J.), resettling order entered May 24, 1977, insofar as appealed from, and judgment entered April 26, 1977 (Mercorella, J.) reversed, with $10 costs, and plaintiff’s motion for summary judgment denied.
Appeal from order entered April 21, 1977 (Mercorella, J.) dismissed, without costs, as academic. That order was superseded by the resettled order entered June 8, 1977 granting reargument.
On this record, summary judgment in favor of plaintiff was not warranted. While we do not disagree with the proposition that a collecting bank may breach its warranty of good title (see Uniform Commercial Code, § 4-207, subd [1]) when it presents a check for payment to a payor bank carrying a forged indorsement or lacking the indorsement of the payee, and may therefore be liable to the payor bank for the latter’s improper payment thereon (Uniform Commercial Code, §4-401, subd [1]) to the detriment of its customer (Myers v First Nat. Bank of Scotia, 42 AD2d 657; Feldman Constr. Co. v Union Bank, 28 Cal App 3d 731) we note the significant absence of any claim by the drawer of the checks in issue against plaintiff drawee-payor bank that there was an improper payment herein. If the proceeds of these checks did in fact reach the entity intended to receive them, though made payable to variants of that entity’s name, the drawer would be precluded from recovering as against the plaintiff (Gotham-Vladimir Adv. v First Nat. City Bank, 27 AD2d 190, 192-193; Tonelli v Chase Manhattan Bank, 41 NY2d 667, 670-671), and plaintiff, in turn, would have no cause to proceed against defendant, the collecting bank. In that event, any loss sustained would be attributable to plaintiff’s voluntary decision to honor checks when its depositor’s account had insufficient funds to cover them, and not to defendant’s failure to secure necessary indorsements. Accordingly, factual issues remain with respect to whether the drawer has the right to set up the missing indorsements as a bar to charging his account with the amounts of the checks.
Concur: Hughes, J. P., Riccobono and Asch, JJ.