Tierney, J.
(dissenting). I dissent and would grant Bowery’s cross motion for summary judgment dismissing this action.
A properly issued teller’s check establishes a debtor-creditor relationship between the issuing bank and the *950 payee (Myers v First Nat. Bank of Scotia, 42 AD2d 657, 658) and is generally treated as cash (Moon Over the Mountain v Marine Midland Bank, 87 Misc 2d 918; Malphrus v Home Sav. Bank of City of Albany, 44 Misc 2d 705). Although the court below recognized that the instant check could not be deemed currency, because it was not properly issued, it concluded that a triable issue of defendant’s liability existed under section 3-406 of the Uniform Commercial Code. That section provides: “Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee’s or payor’s business.”
It is thus not because the instrument in question partakes of the unique character of a teller’s check that the court below concluded that a trial was necessary to determine defendant’s liability. Rather, the court below suggested that because the defendant failed to fully detail the circumstances under which the 1,000 blank teller’s checks were lost, and failed to explain what precautions, if any, the defendant took to thereafter prevent damage to third parties, “a triable issue of fact is presented with respect to the possible negligence of the bank that, if proved, would prevent it from asserting the lack of authority of the person who signed the teller’s check.”
As Official Comment 5 to section 3-406 of the Uniform Commercial Code notes: “This section does not make the negligent party liable in tort for damages resulting from the alteration. Instead it estops him from asserting it against the holder in due course or drawee * * * The holder or drawee is protected by an estoppel, and the task of pursuing the wrongdoer is left to the negligent party.”
The 1,000 checks lost or stolen from defendant’s printer were, as noted above, merely blank checks. On the blank check here at issue, a person, or persons, unknown filled in the date of “issuance”, the name of the payee, the amount of the check and then proceeded to sign the check, on a line drawn above the word “teller”, “Jerry Smith”. No such *951 person is employed by the defendant. We thus deal here not with an alteration of a properly executed instrument but with a fabrication of all but the blank form of the instrument. Such a fabrication is possible in regard to the loss of any “blank check”, whether a personal or teller’s check. Does it follow that liability should be imposed simply because the loss of the blank check was due to the negligence of the party in whose name the blank check was prepared? Neither the plaintiff nor the court below has presented authority for imposing liability upon the defendant under these circumstances, and I have found none in this jurisdiction. In Fred Meyer, Inc. v Temco Metal Prods. Co. (267 Ore 230), the plaintiff, as holder of 30 forged checks, sought to recover the loss it incurred after these checks had been stolen during a burglary of defendant’s office and then cashed at several of plaintiff’s stores. The complaint alleged that defendant had been negligent in failing to place the blank checks in safekeeping; in failing to place its check “protectograph” (used in forging the checks) in safekeeping; and in failing to lock the “protectograph” so as to render it unusable. While the plaintiff relied upon the Oregon counterpart to section 3-406 of the Uniform Commercial Code (i.e., Ore Rev Stats, § 73.4060), the trial court nonsuited the plaintiff on motion and that judgment was affirmed. In so affirming, the Oregon Supreme Court noted that while this is a case in which it is contended that defendant was negligent for failure to foresee that his conduct may involve harm to another through the “criminal” conduct of a third person, under normal circumstances a person may reasonably assume that no one will violate the criminal law (Restatement, Torts 2d, §§ 302 A, 302 B). Even if we could impute some responsibility to the defendant for the loss or theft of the 1,000 blank teller’s checks, I do not believe that the bank may be held liable for the subsequent forgery of the check here at issue.
Riccobono and Sullivan, JJ., concur; Tierney, P. J., dissents in a separate memorandum.