KOUS–TV, INC., Plaintiff,

v.

SPOT TIME, LTD., Carmine Patti, Bankers Trust Co., Bank of New York and Dancer Fitzgerald Sample, Inc., Defendants.

No. 84 Civ. 3213 (LFM).

United States District Court,
S.D. New York.

Oct. 10, 1984.

Ganz, Hollinger & Towe by David L. Ganz, New York City, for plaintiff.

Reback & Reback by Eileen J. Potash, New York City, for defendant Carmine Patti.

Alan R. Katz, New York City, for defendant Bankers Trust Co.

Richard C. Thompson, White Plains, N.Y., for defendant Bank of New York.

### MEMORANDUM and ORDER

MacMAHON, District Judge.

Plaintiff moves for summary judgment against all defendants, pursuant to Fed.R. Civ.P. 56(a). Defendant Carmine Patti ("Patti") cross-moves for summary judgment against plaintiff. Defendant Bankers Trust Co. moves for summary judgment on its cross-claim against the Bank of New York.

### Background

This is an action based on the alleged conversion of two checks, issued by Dancer Fitzgerald Sample, Inc. ("Dancer Fitzgerald") and payable to plaintiff. The following facts are not in dispute:

Plaintiff KOUS–TV, a television station operating in Montana, and defendant Spot Time, Ltd. ("Spot Time"), a New York corporation, entered into a contract whereby Spot Time agreed to place advertising on KOUS–TV in return for a commission. Defendant Patti, president of Spot Time, received two checks, payable to KOUS–TV, in the amounts of $3,145.00 and $9,877.00, and drawn on Dancer Fitzgerald's account at Bankers Trust Co. Patti endorsed the checks to "Spot Time, Ltd." and cashed them at the Bank of New York. To date, KOUS–TV has not received the money owed to it by Dancer Fitzgerald.

Plaintiff alleges that defendants are indebted to it in the amount of $13,022.00. The essence of its claim is that Patti erroneously endorsed the two checks, that defendant banks unlawfully accepted and paid the checks, and that Patti and Spot Time have subsequently converted plaintiff's funds to their own use.

*Plaintiff's Motion for Summary Judgment against Spot Time.*

In support of its motion for summary judgment, KOUS–TV has submitted copies of the two checks, payable to KOUS–TV and endorsed by Spot Time, and the contract between KOUS–TV and Spot Time. The relevant provision of the contract states:

> The billing of all advertisers will be handled by Station KOUS–TV and upon collection, Station KOUS–TV will pay Spot Time, Ltd. a 15% commission on the net proceeds to the station.

The contract says nothing about Patti's or Spot Time's authority to bill and collect for KOUS–TV, much less to endorse and cash checks payable to KOUS–TV.

Patti, nevertheless, contends that, pursuant to "the agreement" between the two companies, Spot Time had authority to bill and collect for the station. He also asserts that he personally had authority to endorse and negotiate checks payable to KOUS–TV. Patti, however, has presented no evidence in support of these contentions. For example, he refers to an agreement which granted Spot Time certain authority, but he submits no such agreement.

■ These bare assertions are insufficient to raise a genuine issue of fact. A litigant opposing summary judgment may not rest upon mere conclusory allegations or denials. Rather, pursuant to Fed.R. Civ.P. 56(a), he is obliged to set forth "concrete particulars" which establish that his version of the facts is not fanciful. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). Here, no specific facts have been submitted by Spot Time to raise an issue as to its authority to endorse or cash checks payable to KOUS–

TV. To the contrary, the contract clearly states that KOUS–TV would itself handle all billing and after collection pay any commission owed to Spot Time.

■ Given these considerations, we conclude that Spot Time acted without authority in endorsing and cashing these checks, and, since it failed to remit the proceeds to KOUS–TV, is liable for converting plaintiff's funds to its own use.

*Plaintiff's Motion for Summary Judgment against Patti.*

■ We grant plaintiff's motion for summary judgment against Patti. An agent who converts the property of a third party is liable for such conversion, and it is no defense if his acts were committed in pursuance of his employment or for the benefit of his principal. *R.L. Rothstein Corp. v. Kerr S.S. Co.*, 21 A.D.2d 463, 251 N.Y.S.2d 81 (1st Dep't 1964). Here, Patti is liable for his tort whether or not he was acting in his capacity as president of Spot Time. Moreover, he is not relieved of his liability merely because his principal is vicariously liable.

*Plaintiff's Motion for Summary Judgment against Bankers Trust Co. and Bank of New York.*

■ We deny plaintiff's motion for summary judgment against both banks. This motion is premature as there are currently issues of fact which need to be resolved. Without further discovery, it cannot be determined whether the banks were negligent in relying on the fact that Spot Time or Patti was authorized to cash checks payable to KOUS–TV. In the face of conflicting evidence, the question of whether the banks acted in a "commercially reasonable manner" in accepting and cashing the checks is best left to the trier of fact. N.Y. UCC § 3–419(3). *See, e.g., Calhoun v. Northeast Airlines*, 180 F.Supp. 532 (S.D. N.Y.1959) (issue of whether bank was negligent in its duty of inquiry as to the endorsement of check could not be resolved by summary judgment).

*Defendant Bankers Trust Co.'s Motion for Summary Judgment against Bank of New York.*

Defendant Bankers Trust Co. moves for summary judgment on its cross-claim against Bank of New York. The essence of this claim is that by endorsing plaintiff's checks, Bank of New York warranted that it had good title to the checks or was authorized to obtain payment or acceptance on behalf of one who has good title. N.Y. UCC § 4–207(1)(a). Bankers Trust asserts that Bank of New York has breached this warranty and is therefore fully liable to Bankers Trust.

■ Commercial reasonableness is not considered a proper defense to this type of warranty claim. *See Menthor, S.A. v. Swiss Bank Corp.*, 549 F.Supp. 1125 (S.D. N.Y.1982). Therefore, there is no need to make a factual inquiry into the nature or reasonableness of Bank of New York's actions. Bank of New York has presented no evidence to dispute that it endorsed plaintiff's checks. Therefore, to the extent that Bankers Trust is ultimately liable to plaintiff, it is entitled to recover from Bank of New York as a matter of law for Bank of New York's breach of warranty of good title. *Cf. Hartford Accident & Indemnity Co. v. First Nat'l Bank & Trust Co. of Hudson*, 281 N.Y. 162, 22 N.E.2d 324 (1939).

Accordingly, the Clerk of the court is directed to enter summary judgment for plaintiff against defendants Spot Time, Ltd. and Carmine Patti, and to enter summary judgment for defendant Bankers Trust Co. against defendant Bank of New York. All other motions are denied.

So ordered.