OPINION OF THE COURT
Eli Wager, J.
It is ordered that this motion by the Green Point Savings Bank (Green Point) for an order pursuant to CPLR 3212 granting summary judgment in favor of defendant Green Point dismissing plaintiff’s complaint and any cross claims asserted against Green Point, cross motion by Manufacturers Hanover Trust Company (MHT) for an order granting summary judgment in favor of MHT dismissing the complaint, or in the alternative, that MHT be awarded immediate judgment over against European American Bank (EAB) in the amount of any judgment that may be awarded in this action against MHT, and cross motion by plaintiff for an order granting summary judgment are determined as follows.
BACKGROUND
In November 1988, plaintiff Doris Allen Gordon (plaintiff), together with defendant Willie Gordon, borrowed over $44,000 from defendant Green Point which loan was secured by a mortgage on real property owned by plaintiff and defendant Willie Gordon located at 7 Stone Boulevard, Massapequa, New York. Both plaintiff and Willie Gordon attended the closing, at which they were issued a check made payable to the order of Willie C. Gordon and Doris A. Gordon in the amount of $44,035.13. The check was drawn on an account Green Point maintains at MHT.
The record establishes that at the closing plaintiff placed the check in her purse and then afterwards drove with Willie C. Gordon to Brunswick Federal Credit Union where Willie C. Gordon maintained an account. Willie Gordon presented this check without any endorsements thereon. Notwithstanding the lack of endorsements, Brunswick accepted the check and placed its stamp on the reverse side and presented it to EAB for collection. Again, notwithstanding the lack of endorsements, EAB accepted the check. Thereafter, EAB placed its stamp on the reverse side and presented it to MHT for *138 payment. Yet again, notwithstanding the lack of endorsements, MHT paid the check by debiting Green Point’s checking account in the amount of $44,035.13.
In 1989, Green Point commenced an action to foreclose the mortgage. Thereafter, in July 1990, plaintiff commenced this action against Green Point, Willie Gordon and EAB alleging that EAB negligently cashed the checks without proper endorsements and Green Point negligently and recklessly paid the sum of $44,035.13 on the check even though it was not endorsed. Plaintiff seeks damages for the alleged negligence of these parties and also claims that their actions contributed to the alleged fraud of Willie C. Gordon and that such actions were a violation of the Uniform Commercial Code. Thereafter, plaintiff amended her complaint to include MHT as a defendant alleging that MHT negligently and recklessly cashed the draft and paid out $44,035.13 on the account maintained at MHT by Green Point even though the check was not endorsed. Plaintiff again amended her complaint to include Brunswick Federal Credit Union as a defendant.
Green Point moves for summary judgment arguing that there is no triable issue of fact as to whether Green Point acted properly because once Green Point presented its check number 257271 to the intended payees, its liability thereon was discharged.
Manufacturers Hanover Trust Company seeks summary judgment arguing alternatively that the complaint lacks merit and that the Uniform Commercial Code and case authority provide that MHT, as the payor-drawee bank is entitled to recover the amount of any judgment awarded against it from the collecting bank for paying on a check that does not bear an endorsement.
Plaintiff seeks summary judgment in favor of plaintiff and against all defendants arguing that no question of fact exists as to the liability of defendants to plaintiff.
For the reasons set forth below, Green Point’s motion is granted, MHT’s cross motion is granted in part and plaintiff’s cross motion is denied.
DISCUSSION
Green Point’s Motion
The rule in New York with respect to drawer liability was restated in Hutzler v Hertz Corp. (39 NY2d 209, 214-215 *139 [1976]): "Long ago the rule developed in this State that a debtor’s liability is discharged when a check payable to the creditor is wrongfully indorsed by the creditor’s agent and is paid by the drawee bank, and the proceeds converted by the agent. (Sage v Burton, 84 Hun 267; Allen v Tarrant & Co., 7 App Div 172; Morris v Hofferberth, 81 App Div 512, affd 180 NY 545.) The basis for this rule is that the drawer’s only obligation to the payee, upon issuance of the check, is to 'see that funds are in the bank’. (Sage v Burton, supra, p 270.) The drawer thereafter has no obligation to examine the check for forged indorsements. (See National Sur. Co. v Manhattan Co., 252 NY 247, 254.) * * * Because of the time factors involved in processing a check through the depositary bank, intermediate collecting banks and the drawee bank, the discovery of the forgery by the drawer, even if possible, would often be of little practical value to the payee.”
While that case involved a check forged by a creditor’s agent, the same reasoning applies here where the check was presented with no endorsements. The check was thereafter processed by several banks. By the time Green Point had the opportunity to discover the lack of endorsements, the check had already been paid. Moreover, the fact that the drawer is a bank does not change the result. Green Point made a loan to plaintiff and in good faith handed over the check to plaintiff and her husband. The check, which was drawn on Green Point’s account maintained at a separate bank, was presented to three separate institutions for cashing and collection.
Plaintiff fails to cite any authority which would impose a duty upon a bank, who is a drawer of a check, to ensure that the check was properly endorsed when presented. Every case cited by plaintiff involves liability of depository or collecting banks and are, accordingly, inapplicable.
Based on the foregoing, the court holds that Green Point Savings discharged its obligation to plaintiff when it presented the check to plaintiff. Accordingly, summary judgment dismissing the complaint as to Green Point is warranted.
MHT’s Cross Motion
Manufacturers Hanover Trust Company seeks either a judgment dismissing the complaint or an immediate judgment on its cross claim against EAB. The court finds that MHT, the payor bank, is entitled to judgment against EAB, the collecting bank, in the amount of any judgment against MHT.
*140 "(1) Each customer or collecting bank who obtains payment or acceptance of an item and each prior customer and collecting bank warrants to the payor bank or other payor who in good faith pays or accepts the item that
"(a) he has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title” (Uniform Commercial Code § 4-207 [1]).
Moreover, these warranties arise notwithstanding the absence of endorsement (Uniform Commercial Code § 4-207 [3]).
"The policy behind the warranty provision is to place the ultimate loss for the improper payment on the collecting banks, it is felt that these parties are normally in the best position to detect a forgery and prevent the fraud” (Atlantic Bank v Israel Discount Bank, 108 Misc 2d 342, 346 [App Term, 1st Dept 1981]).
In granting MHT’s motion, the court notes that EAB has not opposed the relief sought.
Plaintiff’s Cross Motion
Both plaintiff’s motion and MHT’s cross motion seeking summary judgment must be denied because there are numerous unresolved questions of fact. Specifically, the issue of whether plaintiff consented to the check being cashed or whether she received the proceeds or benefits of the proceeds thereof must be determined. Resolution of these issues is critical because "[w]here the proceeds of a forged check reached the intended payee, there can as a general rule be no cause of action by anyone on the forged endorsement. The payee cannot sue in conversion since he has suffered no damage — he has, after all, received the moneys intended for him (Hillsey v State Bank of Albany, 24 AD2d 28).” (Atlantic Bank v Israel Discount Bank, supra, at 346.)
While true, it is undisputed that the check was processed and paid without the endorsement of either plaintiff or Willie Gordon, unresolved questions of whether plaintiff nonetheless received the benefit of the check precludes summary judgment.