OPINION OF THE COURT
Thomas P. Phelan, J.
This motion by defendant and third-party plaintiff in action No. 2, Morgan Guaranty Trust Company of New York (Morgan), for summary judgment pursuant to CPLR 3212 dismissing plaintiffs (Melville L. Fergang) complaint or in the alternative granting it summary judgment on its third-party complaint against Chemical Banking Corporation (Chemical) and, pursuant to UCC 4-207 (3) awarding it counsel fees against Chemical is granted to the extent that Morgan is awarded summary judgment against Chemical on its third-party complaint for the face amount of the check plus reasonable attorney’s fees and otherwise denied. A hearing to fix the amount of attorney’s fees pursuant to UCC 4-207 (3) shall be held before the undersigned on July 25, 1997 at 9:30 a.m. and in all other respects is denied.
Motion by third-party defendant in action No. 2, Chase Manhattan Bank (formerly known as, and sued herein as *792 Chemical Banking Corporation), for summary judgment pursuant to CPLR 3212 dismissing the third-party complaint of Morgan is denied.
Cross motion by the Lawyers’ Fund for Client Protection of the State of New York (the Fund), as subrogee of named plaintiff in action No. 2, Melville Fergang, for an order pursuant to CPLR 1018 substituting plaintiff in action No. 2 and granting it summary judgment pursuant to CPLR 3212 against defendant and third-party plaintiff Morgan, is granted.
Plaintiff, Melville L. Fergang, in his capacity as "drawer” of a check made payable to "Ronald Burk” in the amount of $101,000, brought this action against Morgan, as drawee, for loss incurred as a result of Morgan’s payment on said check upon which the payee’s indorsement was forged. The gravamen of plaintiffs action is that defendant Morgan breached its agreement with plaintiff by honoring the forged check and debiting plaintiffs account.
Defendant Morgan’s answer consists of general denials and six affirmative defenses namely (1) failure to state a cause of action, (2) action barred by waiver, estoppel, unclean hands and/or laches, (3) failure to notify bank promptly, (4) negligence, (5) loss attributable to others, and (6) claim is barred by final payment rule.
Morgan commenced a third-party action against Chemical (the collecting bank) for its violation of certain warranties of transfer and presentment under UCC 4-207.
THE LAW
The relationship between the bank and its depositor being that of debtor and creditor, the bank cannot charge an account of the depositor with moneys paid out without authority. (Critten v Chemical Natl. Bank, 171 NY 219; Maryland Cas. Co. v Central Trust Co., 297 NY 294; Shipman v Bank of State of N. Y., 126 NY 318.) There is a high standard of contractual responsibility imposed on banks in paying money chargeable against their depositors’ accounts. (Stella Flour & Feed Corp. v National City Bank, 285 App Div 182, affd 308 NY 1023; Thurm v Schupper, 25 Misc 2d 198; UCC 4-401; Board of Higher Educ. v Bankers Trust Co., 86 Misc 2d 560.) A bank must, in paying out a deposit, comply with its agreement with the depositor; and "in the absence either of prior or subsequent negligence or misleading conduct on the part of the depositor, the bank cannot charge him with any payments except such as are made in conformity with his genuine orders. Payments *793 otherwise made cannot be charged against the depositor regardless of the care exercised and the precautions taken by the bank.” (9 NY Jur 2d, Banks and Financial Institutions, § 295, at 533.) Indeed, it is settled that a depositor-drawer of a check on which the payee’s endorsement is forged may prevent a drawee bank which pays the check from charging the payment to his account, or may require a bank so charging the account to recredit it. However, as mentioned above, a depositor who has been negligent may lose such right of recovery. (See, UCC 3-406.)
UCC 4-401 permits a bank to charge a customer’s account only on items that are "properly payable” (UCC 4-401 [1]). A check which has been cashed on the forged endorsement of the payee is not "properly payable” under the Uniform Commercial Code. (See, Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, 57 NY2d 439.) A forged endorsement operates as an "unauthorized” signature (see, UCC 1-201 [43]) and such is wholly inoperative as that of the person whose name is signed (UCC 3-404 [1]). A drawee bank that charged its customer’s account on such a check is liable to its customer for the full amount of the check. (Maldonado v Aetna Cas. & Sur. Co., 184 AD2d 553; Kosic v Marine Midland Bank, 76 AD2d 89, affd 55 NY2d 621; Sony Corp. v American Express Co., 115 Misc 2d 1060.)
Defendant’s defenses have no merit. General denials in the answer are insufficient to raise triable issues (Iandoli v Lange, 35 AD2d 793) and the undisputed facts do not support any of the pleaded defenses.
Chemical, joined by Morgan, further claims that since the check was intended as a loan or gift to his daughter, which was achieved, Fergang suffered no loss and hence has no valid claim against Morgan. This claim lacks merit. Whether Fer-gang intended a gift or loan to his daughter is irrelevant. Fer-gang did not make the check payable to his daughter but rather to Ronald Burk. Since Burk never received the proceeds, Fer-gang’s intentions that the check proceeds go to Burk in furtherance of his daughter’s purchase of Burk’s house were not met. Indeed, Fergang’s daughter cannot be found to have received either a gift or loan for use as intended by Fergang.
Fergang suffered a loss. A drawer suffers a loss when the true payee never actually receives the proceeds of the original certified check for the purpose intended by the drawer. (Tonelli v Chase Manhattan Bank, 41 NY2d 667, 671.)
A drawee bank remains answerable to the drawer for the amount of a check paid upon a forged endorsement of the *794 payee’s name. (Myers v First Natl. Bank, 42 AD2d 657.) Plaintiff has established his cause of action as a matter of law based upon unrefuted facts and is entitled to summary judgment. (Crage v Kissing Bridge Ski Area, 186 AD2d 987, lv denied 81 NY2d 702; Tonelli v Chase Manhattan Bank, supra.) Therefore, this court hereby grants summary judgment to plaintiff against Morgan for the face amount of the check. Morgan, as drawee, is liable to Fergang for the funds paid from his account based upon the fact the payee’s endorsement was forged.
Plaintiff Fergang, however, has subrogated, assigned and transferred all his rights in action No. 2 to the Fund in consideration of the payment of $100,000 to him by the Fund. Therefore, in view of the fact that the Fund is now the real party in interest, the court hereby substitutes such Fund as the party plaintiff herein, pursuant to CPLR 1018 (see, Clients’ Sec. Fund v Grandeau, 72 NY2d 62 [1988]).
Since Chemical agreed to indemnify Morgan in the event Morgan is held liable, Morgan is entitled to summary judgment against Chemical. In any event, under well-established principles of law, the risk of loss on a forged endorsement falls upon Chemical, the first collecting bank in the transaction and the bank best positioned to discover the forgery (Gordon v Green Point Sav. Bank, 157 Misc 2d 136; Menthor v Swiss Bank Corp., 549 F Supp 1125 [SD NY 1982]).
Further, Morgan is entitled to summary judgment on its claim for statutory attorney’s fees.
Chemical breached its warranty that it had good title to the item under UCC 4-207 (1) (a) when it transferred and presented the forged check to Morgan; and Chemical’s liability is absolute (Menthor v Swiss Bank Corp., supra; KOUS-TV, Inc. v Spot Time, 599 F Supp 90, 92 [SD NY 1984]). Since the check had a forged endorsement, Chemical neither had good title nor other authorization to obtain payment or acceptance on behalf of one who has good title, because a forger does not have good title (see, Clark, Law of Bank Deposits, Collections and Credit Cards ¶ 12.04 [1] [a], at 12-25-26 [rev ed 1995]). Therefore, Chemical, the collecting bank, breached the warranty of good title when it presented the check with a forged endorsement to the payor bank. (Gordon v Green Point Sav. Bank; supra; KOUS-TV, Inc. v Spot Time, supra, at 92; Myers v First Natl. Bank, 42 AD2d 657, supra; Hillsley v State Bank, 24 AD2d 28.) Thus, Morgan is entitled to recover against Chemical on breach of warranty which arose under UCC 4-207 (1) (see, Capital Dist. *795 Tel. Empls. Fed. Credit Union v Berthiaume, 105 Misc 2d 529) which, in turn, includes recovery of its attorney’s fees incurred as a result of said breach pursuant to UCC 4-207 (3). (See, UCC 4-207, Official Comment 5; Long Is. Trust Co. v National Bank, 28 UCC Rep Serv 1442 [Sup Ct, Nassau County, May 1, 1980, Young, J.]; Provident Natl. Bank v National Bank, 17 UCC Rep Serv 486, 487 [Civ Ct, NY County, July 8, 1975, Wolin, J.].)
In so holding, the court notes that originally Chemical denied any basis for indemnification. Thus, it is particularly fitting that such collecting bank be liable for attorney’s fees where the payor bank, as here, is forced to litigate the collecting bank’s obligation to indemnify despite the collecting bank’s clear breach of warranty. (See, First Va. Bank-Colonial v Provident State Bank, 582 F Supp 850, 852 [D Md 1984]; First Natl. Bank v Security Natl. Bank, 32 UCC Rep Serv 926, 936-937 [D Mass, Nov. 5, 1981, Freedman, J.].)
The matter of damages as to the amount of attorney’s fees is set down for a hearing before the undersigned on July 25, 1997 at 9:30 a.m. Counsel are best advised to call Chambers (516-571-2883) on the day before the hearing date to confirm the court’s availability. Alternatively, Morgan and Chemical may of course stipulate to the amount of counsel fees thereby avoiding the additional expense associated with the hearing.
In summation, the Lawyers’ Fund for Client Protection of the State of New York, as subrogee of Melville F. Fergang, is awarded summary judgment against Morgan Guaranty Trust Company of New York in the sum of $101,000 plus interest as of February 25, 1994, costs and disbursements; Morgan Guaranty Trust Company is awarded indemnification in full on said prior award against Chemical Banking Corporation presently known as Chase Manhattan Bank plus reasonable attorney’s fees as awarded by the court upon hearing, plus costs and disbursements on the third-party action.