■ FARA, INC., Respondent-Appellant, v STEVEN GOUVIS et al., Defendants, RELIANCE INSURANCE COMPANY, Appellant-Respondent, and ROYAL INDEMNITY COMPANY et al., Respondents. [666 NYS2d 703] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendant Reliance Insurance Company appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered August 26, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment against the defendants Reliance Insurance Company, Royal Indemnity Company, Mellon Bank, N. A., Chase Manhattan Bank, formerly known as Chemical Bank, and Bank Leumi Trust Company of New York on the issue of liability on the sixth, seventh, eighth, and ninth causes of action of the complaint.

Ordered that the order is reversed insofar as appealed from and the motion by Reliance Insurance Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, and it is further,

Ordered that upon searching the record, the provision of the order which denied the motion by Royal Indemnity Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is vacated, and that motion is granted; and it is further,

Ordered that the action against the remaining defendants is severed; and it is further,

Ordered that Reliance Insurance Company, Royal Indemnity Company, and Bank Leumi Trust Company are awarded one bill of costs, payable by the plaintiff.

The plaintiff conveyed title to a restaurant to the defendant Steven Gouvis, doing business as the defendant Sostef Operating Corp. (hereinafter Sostef). Sostef gave the plaintiff a promissory note which was secured by an interest in all of Sostef's assets. Pursuant to the security agreement, Sostef insured the

collateral by obtaining insurance policies from the defendants Reliance Insurance Company (hereinafter Reliance) and Royal Indemnity Company (hereinafter Royal) naming the plaintiff as an additional insured and providing that any proceeds thereunder were to be applied first to the payment of the note. The restaurant was subsequently damaged extensively by vandals, and claims were made to Reliance and Royal. Reliance and Royal issued checks naming as payee, among others, the plaintiff as an additional insured. Gouvis then allegedly forged the signature of the plaintiff's president, cashed or deposited the checks, and misused the proceeds.

Contrary to the plaintiff's contentions, there is no provision in the underlying insurance agreements, nor any legal authority, for the proposition that Reliance and Royal were required to protect the plaintiff's interest in the proceeds in any way other than naming the plaintiff as a co-payee on the check. Reliance and Royal discharged their duty to the plaintiff when their settlement checks, payable to the plaintiff as an additional insured, were paid by the drawee banks (*cf., Hutzler v Hertz Corp.,* 39 NY2d 209; *Sage v Burton,* 84 Hun 267, 270). The rule is well established that "a debtor's liability is discharged when a check payable to the creditor is wrongfully indorsed by the creditor's agent and is paid by the drawee bank, and the proceeds converted by the agent" (*Huntzler v Hertz Corp., supra,* at 214). The foregoing equitable principle applies in the instant case, since Reliance and Royal had no control over Gouvis's alleged malfeasance.

Accordingly, summary judgment should have been granted to Reliance and Royal. Although Royal has not appealed the denial of its motion for summary judgment, this Court may search the record to grant such relief in this instance (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

The plaintiff's cross appeal is without merit. An issue of fact remains as to whether there was a forgery, precluding the granting of summary judgment to the plaintiff against any of the defendant banks. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.