93 N.J. Super. 252 (1966)
225 A.2d 605
COUNTY TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PASCACK VALLEY BANK AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1966.
Decided December 28, 1966.
*254 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. William A. Fasolo argued the cause for plaintiff (Messrs. Hennessy & Hennessy, attorneys).
Mr. Robert E. McGuire argued the cause for defendant (Messrs. Randall & Randall, attorneys).
*255 The opinion of the court was delivered by GAULKIN, S.J.A.D.
The county district court made the following findings of fact:
"1. The borough of Park Ridge issued its check No. 166 dated December 27, 1963 drawn on its account in the First National Bank of Park Ridge in the amount of $843.20 to the order of Mayo Estates (Mayo Estates is a New Jersey corporation).
2. At that time and since April 2, 1963 Mayo Estates was in Chancery Receivership but it can be inferred from the evidence that this fact was unknown to the Borough as well as to the parties to this suit, at the time of the issuance of the check.
3. On January 6, 1964 John Mayo, an officer of Mayo Estates, endorsed the check `John Mayo' and deposited it in his personal account in Pascack Valley Bank and Trust Co., the defendant.
4. Pascack then sent the check for collection to plaintiff County Trust Company (it and First National Bank of Park Ridge merged May 29, 1964) and the check was honored.
5. On September 28, 1964 County received a letter from James Major, Esq., attorney for the receiver, advising it of the receivership and the improper honoring of the improperly endorsed check and requesting a check to the receiver for $843.20.
6. Upon receipt of this letter County went to Pascack and made a demand for reimbursement; as a result Pascack gave its Treasurer's check dated October 13, 1964 for $843.20 payable to County which in turn, endorsed it over to John W. Leyden, Receiver of Mayo Estates, Inc. and delivered it to Mr. Major. Pascack debited Mayo's account with this amount.
7. At Pascack's request County returned check No. 166 to Pascack so Pascack could show it to Mayo; also since Pascack reimbursed County with its own check and debited Mayo's account, it wanted the check as proof of payment and also, Mayo was entitled to it since his account was charged with it.
8. Pascack then gave this check to Mayo who endorsed it `Mayo Estates' and cashed it in Pascack some time between October 19, 1964 and October 22, 1964 (the bank stamp is not too clear). Pascack then sent it through for collection in the usual course of business which was again honored by County. At this time both County and Pascack knew that Mayo Estates was in receivership.
9. When the Borough received its statement from County in November, 1964 it discovered the two charges for this one check and called this to the attention of County, which discovered it had improperly honored the check again and as a consequence reimbursed the Borough. Thereafter County then made a demand again on Pascack for another reimbursement which was refused. However, at this time while Mayo still had a personal account in Pascack, there was only about $80. left in the account although at the time of the *256 second negotiation of the check by Mayo there were sufficient funds in the Pascack bank to cover the amount of the check.
10. Both plaintiff and defendant had knowledge of the receivership proceedings of Mayo Estates at the time of the second payment."
Upon these facts the county district court concluded:
"I find that defendant Pascack was negligent in delivering the check to Mayo after receiving it from County and cashing it when it had knowledge of the fact that Mayo Estates was in receivership and that a Receiver had been appointed, and further, that it was negligent in cashing a corporate check under the stated circumstances. Knowledge by Pascack of the receivership was known to it since at least October 13, 1964 when Pascack reimbursed County with its check of that date.
However, County also knew of the receivership at least since receipt of Mr. Major's letter on September 28, 1964, but despite this knowledge it again honored the check sent through for collection.
There is no evidence of fraud perpetrated by Pascack on County with respect to the second negotiation  it was sent through for collection in the usual routine course of business. County had a legal right to refuse to honor this check. Instead, through neglect, it paid it.
Indeed, plaintiff concedes in its brief that it had `erroneously honored this check on its renegotiation' and that it `committed an error (due to computer bookkeeping) in honoring the check'. The same duty is chargeable to County as well as to Pascack.
I, therefore, find that plaintiff was also negligent and the defense of contributory negligence interposed by defendant has been sustained and therefore bars a recovery by the plaintiff.
Order for Judgment in favor of the defendant and against the plaintiff."
County Trust Company (County) appeals. We reverse.
Pascack Valley Bank and Trust Company (Pascack) is liable to County by virtue of N.J.S. 12A:4-207. Pascack admits that ordinarily it would be so liable but contends that under the peculiar circumstances here involved it was not.
Pascack's first argument is based upon N.J.S. 12A:4-207(4) which provides:
"Unless a claim for breach of warranty under this section is made within a reasonable time after the person claiming learns of the breach, the person liable is discharged to the extent of any loss caused by the delay in making the claim."
*257 Pascack says that County did not report the unauthorized endorsement to it until approximately one month after County's second payment of the check, and "as a result of this failure John Mayo withdrew all but $80 from his personal checking account" at Pascack. Pascack contends that because of what County learned after the first time it honored the check, County knew of the breach of Pascack's warranty when the check was presented to County for the second time, and therefore County was obliged to give notice of the breach within a reasonable time thereafter. We disagree. We hold that County did not learn of the breach within the meaning of section 4-207(4) until (as the trial court found) "the Borough received its statement from County in November 1964 * * * and called this to the attention of County." It is not claimed that County did not notify Pascack within a reasonable time thereafter.
Pascack's chief argument is that County was negligent in honoring the check a second time and in not notifying Pascack at once that the endorsement was unauthorized, and that this bars County from recovering upon Pascack's warranty. Pascack cites only one authority for this proposition, Hightstown Trust Co. v. American Equity Corp., 7 N.J. Misc. 135, 144 A. 599 (Cir. Ct. 1929), but that case has no substantial bearing on the issues at bar.
We hold that even if County were negligent in the respects set forth above (which we do not need to decide), that negligence did not bar County from recovering upon Pascack's warranty. Cf. Clarke v. Camden Trust Co., 84 N.J. Super. 304, 309 (Law Div. 1964), affirmed o.b. 89 N.J. Super. 459 (App. Div. 1965).
Pascack seems to argue that it was a holder in due course. Laying aside the question whether that would make any difference in the case at bar, we hold that it was not a holder in due course. The trial court found as a fact that at the time of the second negotiation "both County and Pascack knew that Mayo Estates was in receivership." In *258 addition, the check was long past due. See N.J.S. 12A:3-302(1)(c); 3-304(3)(c).
We have examined Pascack's other arguments and find them without sufficient merit to require discussion.
The judgment is reversed and the case is remanded to the trial court for the entry of judgment in favor of plaintiff.