**FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation under the laws of the United States of America, Plaintiff,**

v.

**MARINE NATIONAL BANK OF JACKSONVILLE, a national banking association; Atlantic National Bank of Jacksonville, a national banking association; American Employers' Insurance Company, a corporation, Defendants.**

**No. 68–492–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Aug. 8, 1969.

Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., for plaintiff.

Clyde N. Wells, Jr., Jacksonville, Fla., for defendant and cross-claimant Marine Nat. Bank of Jacksonville.

Ulmer, Murchison, Ashby & Ball, Jacksonville, Fla., for defendant Atlantic Nat. Bank of Jacksonville.

Howell, Kirby, Montgomery & D'Aiuto, Jacksonville, Fla., for defendant American Employers' Ins. Co.

## OPINION AND ORDER

SCOTT, District Judge:

This is an action by the plaintiff Federal Deposit Insurance Corporation (FDIC) to recover against numerous defendants moneys which the plaintiff alleges are owing under a promissory note. The facts may be summarized as follows: One Vinson T. Forrester, Jr., executed a purchase contract with Southern Steel Construction Company, Inc. In subsequent transactions Southern Steel entered into a promissory note with defendant Central National Bank of Jacksonville (Central) and assigned its rights to payment under the contract with Forrester to Central as collateral for the loan. Central then in turn negotiated the note on to FDIC. When Forrester defaulted on the contract his surety, defendant American Employers' Insurance Company, issued a draft payable through defendant Atlantic National Bank of Jacksonville (Atlantic) to "Southern Steel, Inc. and Central National Bank". However, Southern Steel alone endorsed the draft and deposited it in the Southern Steel account with the defendant Marine National Bank of Jacksonville (Marine). Marine, without noticing the missing endorsement of Central, passed the draft along to Atlantic through normal banking channels. Atlantic, also failing to notice the missing endorsement, accepted and paid the draft. Marine subsequently allowed Southern Steel to withdraw the proceeds from its account.

Marine now cross-claims against Atlantic, claiming that Atlantic negligently breached its duty of due care as a collecting bank in paying an item absent an endorsement of one of the joint payees. Atlantic moves to dismiss the cross-claim.

The basis for Atlantic's motion to dismiss is Florida Statutes § 674.4-207(2)(a), F.S.A., which reads "Each customer and collecting bank who transfers an item and receives a settlement or other consideration for it warrants to his transferee and to any subsequent collecting bank who takes the item in good faith that: (a) He has good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title and the transfer is otherwise rightful". Florida Statutes § 674.4-207(3), F.S.A. provides "[t]he warranties * * * set forth in the two preceding subsections arise notwithstanding the absence of indorsement or words of guaranty or warranty in the transfer or presentment * * *."

The following sentence in the Official Comments to Uniform Commercial Code § 4-207 bears noting. "In addition to imposing upon customers and collecting banks the warranties and engagements imposed by the original Sections 65 and 66 of the Uniform Negotiable Instruments Law and those of Sections 3-414 and 3-417 of Article 3, with some variations, this Section 4-207 is intended to give the effect presently obtained in bank collections by the words 'prior indorsements guaranteed' in collection transfers and presentments between banks. The warranties and engage-

ments arise automatically as a part of the bank collection process".

The Court is aware of only one prior reported case dealing with this subject, and that is County Trust Co. v. Pascack Valley Bank and Trust Co., 93 N.J.Super. 252, 225 A.2d 605 (1966). In this case the first bank brought action to recover against the second bank for alleged breach of warranty with respect to a check. The Court held that where a borough issued a check drawn on the account of the first bank to order of a corporation which was in receivership, and when the officer of the corporation endorsed the check and placed it in his personal account in second bank, and second bank sent check to first bank for collection, and first bank honored check, and second bank later discovered mistake and reimburse first bank and debited the officer's account for amount of check, which it had turned over to the officer, and he again renegotiated the check and second bank again sent it through for collection and first bank honored it when both banks knew of the receivership of the corporation, that the second bank was liable to the first bank by virtue of § 4–207. In this case the original check was made out to "Mayo Estates". The officer endorsed the check "John Mayo" and deposited it in his personal account. After the officer's account was debited and the check was returned to him, he again negotiated it by signing "Mayo Estates" the second time. But by this time both banks were aware of the fact that the estate was in receivership.

The Court faced the contention that since both banks were negligent, that the first bank should be barred from recovery against the second, and held that the first bank's negligence would not bar it from recovery on the warranty contained in 4–207.

The reason for imposing the § 4–207 warranty as a matter of law is to speed up the collection and transfer of checks and to take the burden off each bank to meticulously check the endorsements of each item transferred. Following that logic, the first bank taking in the item for collection is primarily responsible for checking the endorsements to make sure that they are proper. Each bank then warrants to each subsequent bank in the collection chain that the endorsements are good. Of course, the original bank has rights over against the person originally presenting the item.

The rationale suggested puts the burden directly upon the first bank in the collection chain to make sure that the endorsements are valid. This is reasonable because the first bank is in a better position to insure that it is taking the item from someone with good title than are subsequent banks in the chain. If the rationale is to facilitate the speedy transfer and collection of items by removing the burden on each bank to inspect and verify each endorsement, subsequent banks are not negligent if they do not thoroughly inspect each item. In other words, the warranty feature of the statute is designed to remove the duty of each bank to check the endorsements, and, therefore, Atlantic would not be negligent to fail to so inspect.

The motion to dismiss is granted.