SOUTHERN PROVISIONS, INC., d/b/a Southern Purveyors, Plaintiff, *v.* HARRIS TRUST AND SAVINGS BANK, Defendant and Third-Party Plaintiff-Appellant.—(NORTH BANK, Third-Party Defendant-Appellee; MICKEY MORRISON, a/k/a Mickey Weed, Defendant.)

First District (1st Division)   No. 80-986

Opinion filed May 18, 1981.—Rehearing denied June 22, 1981.

746

Mark P. Cohen, of Chapman & Cutler, of Chicago, for appellant.

Raymond E. Stachnik, of Abramson & Fox, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Harris Trust and Savings Bank instituted an action against North Bank for breach of warranty of good title. The trial court found that North Bank had breached its warranty, but held that Harris Bank was not entitled to attorney's fees and litigation costs under section 4—207(3) of the Uniform Commercial Code.

On appeal, Harris Trust and Savings Bank claims that the trial court erred in denying its request for attorney's fees and litigation costs.

We affirm.

On September 1, 1978, Southern Provisions, Inc. (Southern Provisions), issued a check in the amount of $2,500 payable to Ben Wilkerson. The check was drawn on Harris Trust and Savings Bank (Harris). On September 15, 1978, without payee Wilkerson's authority, Mickey Weed endorsed the check and deposited it in her account at North Bank. The check then was endorsed by North Bank, and sent to Harris for payment.

Southern Provisions notified Harris in writing that the check did not contain Wilkerson's endorsement and asked that Harris recredit $2,500 to its account. Harris then returned the check to North Bank for collection.

On May 3, 1979, Southern Provisions filed a complaint against Harris, seeking to have its account recredited. Harris in turn filed a third-party complaint against North Bank. Primarily, the third-party complaint alleged that North Bank, by its endorsement and by obtaining payment, warranted that it had good title to the $2,500 check. Harris claimed that

North Bank was in breach of such warranty and that North Bank, therefore, should be held liable for the amount of any judgment rendered in favor of Southern Provisions against Harris. The complaint further alleged that Harris had tendered to North Bank the defense of Southern Provisions' lawsuit against Harris and that North Bank had refused to assume Harris' defense.

In addition to the amount of any judgment rendered in Southern Provisions' favor, Harris sought its attorney's fees and litigation costs incurred in defending against Southern Provisions' action and in prosecuting the third-party complaint. On November 15, 1979, the trial court entered judgment in favor of Southern Provisions and against Harris in the amount of $2,500 plus costs. On March 6, 1980, the trial court entered judgment in favor of Harris and against North Bank in the same amount. The trial court, however, denied Harris' request for its attorney's fees and litigation costs.

Initially, we note that it is not disputed that North Bank was in breach of warranty of good title (see Ill. Rev. Stat. 1977, ch. 26, par. 4—207(1)(a)) and therefore liable to Harris for the $2,500 judgment rendered in favor of Southern Provisions against Harris. The sole issue raised in this appeal is whether Harris is entitled to attorney's fees and litigation costs under section 4—207(3) of the Uniform Commercial Code. That section provides:

> " * * * Damages for breach of such warranties or engagement to honor shall not exceed the consideration received by the customer or collecting bank responsible plus finance charges and expenses related to the item, if any." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 26, par. 4—207(3).)

Comment 5 of the Uniform Commercial Code Comments to section 4—207(3) states that the "expenses" referred to may be ordinary collecting expenses and in appropriate cases could also include such expenses as attorney's fees.

Harris argues that the drafters of the Uniform Commercial Code intended to include attorney's fees and litigation costs within the term "expenses" as used in section 4—207(3) and that the Uniform Comments which follow that section are evidence of the drafters' intent. North Bank, on the other hand, maintains that the drafters did not intend the term "expenses" to encompass such fees and costs. Alternatively, North Bank urges that even if we adopt Harris' view of section 4—207(3) and the Comments, we should nevertheless deny Harris' claim since the pertinent comment merely indicates that the decision of whether to award such fees and costs is within the discretion of the trial judge.

Some jurisdictions have recognized a statutory right under section 4—207(3) and the Uniform Comments to recover attorney's fees and litigation costs incurred in defending a claim brought by a drawer to recredit its account or in prosecuting a breach of warranty action against a warranting bank. (See generally *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (8th Cir. 1974), 491 F.2d 192; *Guaranty Bank & Trust Co. v. Federal Reserve Bank* (W.D. Okla. 1977), 454 F. Supp. 488.) Other jurisdictions have held that such fees and costs are not authorized by section 4—207(3) notwithstanding the Uniform Comments. See generally *Riedel v. First National Bank* (1979), 287 Ore. 285, 598 P.2d 302; *Security Bank & Trust Co. v. National Bank of Commerce* (1971), 9 UCC Rep. Serv. 291.

Illinois courts have not previously addressed the specific issue of whether attorney's fees and litigation costs are "expenses" as the term is used in section 4—207(3). The import of the Uniform Comments in determining the intent of the legislature in drafting the Code, however, has been addressed. In *Pastor v. National Republic Bank* (1978), 56 Ill. App. 3d 421, 371 N.E.2d 1127, *aff'd* (1979), 76 Ill. 2d 139, 390 N.E.2d 894, the court held that the Uniform Comments "may be" examined to discern the legislature's intent. (56 Ill. App. 3d 421, 423-24.) Relying on the language in *Pastor*, we find that the decision to award or deny attorney's fees and litigation costs is within the discretion of the trial judge. We do not find that the trial court abused its discretion in this matter.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.