**FIRST VIRGINIA BANK–COLONIAL**

v.

**PROVIDENT STATE BANK.**

**Civ. No. HAR 83–2789.**

United States District Court,
D. Maryland.

April 4, 1984.

---

Joel M. Savits, Kevin P. Kennedy, David P. Durbin, John T. Coyne, Jordan, Coyne, Savits & Lopata, Rockville, Md., for plaintiff.

Richard M. Kremen, David Musgrave, Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

HARGROVE, District Judge.

This is a case arising under the diversity jurisdiction of this Court, 28 U.S.C. § 1332 (1976), in which a payor bank (see MD. COM. LAW CODE ANN. [hereinafter UCC] § 4–105(b) (1975)) seeks recovery against a depositary bank (see UCC § 4–105(a)) for breach of the presentment warranty of good title, UCC § 4–207(1)(a). The case is before the Court on the plaintiff's motion for summary judgment. No oral hearing is deemed necessary. Local Rule 6, D.Md.

The essential facts are not disputed, and this Court finds the record sufficient for the purpose of deciding the pending motion under FED.R.CIV.P. 56. In May, 1982, Atlas Underwriters, Ltd., drew a check on its account with the plaintiff payable jointly to Todd Transport Company, Inc. and First Maryland Leasecorp.,* in the amount of $43,600.00. The check, which was in settlement of an insurance claim on a tractor-truck owned by Todd and in which First Maryland Leasecorp. had a perfected security interest, was mailed to Todd. Todd affixed thereto the stamped endorsement of Todd Transport Company, Inc., and the handwritten endorsements of himself and "First Maryland Leasing Corp." (Plaintiff's Motion, Ex. D). The record adequately establishes that Todd had no authority whatsoever to endorse the check in the name of First Maryland Leasecorp. *See*

Hooker affidavit (Plaintiff's Motion, Ex. I). Todd deposited the check in the defendant bank. The check was presented through appropriate banking channels by defendant, the depositary bank, to plaintiff, the payor bank, which paid the item.

When it was discovered that the First Maryland endorsement was placed on the item without authority by Todd, suit was brought by Atlas (the drawer) against the present plaintiff (the drawee-payor of the check). The result was the entry of summary judgment in favor of Atlas in the United States District Court for the Eastern District of Virginia, in Civil Action No. 82–0833–R. (Plaintiff's Motion, Ex. E). Plaintiff now brings this suit to recover against defendant, the depositary bank, in the amount of the check, plus interest, costs, and attorney's fees.

It is clear, and, indeed, it has been so adjudicated in the Virginia suit, that the plaintiff converted the check when it paid the item over the forged endorsement of First Maryland. UCC § 3–419(1)(c). It is also clear that, in presenting for payment to plaintiff a check bearing a forged endorsement, the defendant in this case breached its presentment warranty of good title under UCC § 4–207(1)(a). *See* BRADY ON BANK CHECKS § 23.22 (H. Bailey 5th ed. 1979). *See also* UCC §§ 3–116(b), 3–202(1), 3–401, 3–403, 3–404. In fact, the papers on file in this case demonstrate no circumstances excusing the breach of warranty by the depositary bank or otherwise defeating the payor bank's clear right to recovery under UCC § 4–207(1)(a). Therefore, entry of summary judgment, as to liability, in favor of plaintiff is warranted. FED.R.CIV.P. 56.

In that there is no dispute either of fact or law on the liability of the defendant for breach of its presentment warranty, the only remaining question in this lawsuit is the amount of damages. The applicable UCC provision is found at § 4–207(3):

> Damages for breach of such warranties ... shall not exceed the consideration

---

* It appears that the payee First Maryland Leasecorp. was incorrectly named as "First Maryland Leasing Corp." on the check, but that typographical error is immaterial. UCC § 3–203.

received by the customer or collecting bank responsible plus finance charges and expenses related to the item, if any.

It is clear that, for the purpose of this provision, the defendant is a "collecting bank." UCC § 4–105(a), (d). Official Comment 5 to § 4–207, explicating subsection (3) of the statute, states in pertinent part:

The "expenses" referred to in this phrase may be ordinary collecting expenses and in appropriate cases could also include such expenses as attorneys fees.

Thus, the question left open in this case is whether the items of expense sought by the plaintiff are recoverable under § 4–207(3). Comment 5 to § 4–207 indicates that the drafters of the UCC thought that they should be recoverable in an appropriate case. In that there is no Maryland case law on (or even close to) the point, this Court must use its best effort to forecast the result that a Maryland court would reach in interpreting the statute. *See* 19 *Wright, Miller, and Cooper,* FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4507 (1982). This Court is convinced that a Maryland court would allow the recovery of the expenses sought by the plaintiff, including attorney's fees, on the authority of a number of well-reasoned recent cases, *e.g., Perkins State Bank v. Connolly,* 632 F.2d 1306 (5th Cir.1980). These cases have recognized that attorney's fees may be recoverable as an included expense within UCC § 4–207(3), largely in view of the indemnifying aspect of the UCC's interbank warranty scheme. *Perkins State Bank v. Connolly,* 632 F.2d at 1315–16; *First National Bank of Neenah v. Security National Bank of Springfield,* 32 UCC Rep. 926, 936–37 (D.Mass.1981). The two cited cases were diversity cases in the federal courts. The recent trend in state court interpretation of the statute is to the same effect. *See, e.g., Southern Provisions, Inc. v. Harris Trust and Savings Bank,* 96 Ill.App.3d 745, 52 Ill.Dec. 352, 422 N.E.2d 33 (1981).

Comment 5 to UCC § 4–207 calls on the Court to decide whether a particular case is an "appropriate" one for the inclusion of attorney's fees in the expenses recoverable under UCC § 4–207(3). This Court can hardly imagine a more appropriate case than the present one. The payor has been forced by litigation to recredit its drawer, and it has itself had to resort to litigation to enforce the clear warranty liability of the depositary bank. *See First National Bank of Neenah,* 32 UCC Rep. at 936–37. This Court is also of the opinion that the interest that plaintiff paid to the drawer is a properly recoverable expense in this case, which is, essentially, an indemnity action. *Cf. Abbott v. Aetna Casualty and Surety Co.,* 42 F.Supp. 793, 797 (D.Md.), *aff'd.,* 130 F.2d 40 (4th Cir.1942). Finally, the Court is of the opinion that plaintiff is also entitled to prejudgment interest for the loss of use of its funds (to the extent of $47,254.26) from the time it paid back the drawer until the date of the judgment in this case, at the rate of 10% simple interest *per annum. See Pine Street Trading v. Farrell Lines,* 278 Md. 363, 377, 364 A.2d 1103, 1112 (1976).

Under these circumstances, the Court will enter an order separately awarding the plaintiff judgment in the amount of $43,-600.00, plus interest and costs directly attributable to the Virginia suit ($3,714.26) plus attorneys' fees attributable thereto ($2,508.86), for a total of $49,823.12, with prejudgment interest, on $47,254.26, at 10% *per annum.* The order will also provide that the costs and attorneys' fees flowing from this suit will be determined in a further order of court, after consideration of a petition for such items, to be filed by plaintiff within 20 days of the date of this Memorandum Opinion.