## CIRCUIT COURT OF FAIRFAX COUNTY

Jefferson National Bank

    v.

First Virginia Bank

    v.

W. J. Taylor Construction Co.

November 12, 1992

Case No (Law) 104158

BY JUDGE JACK B. STEVENS

The Court has had this matter under advisement following an evidentiary hearing and the receipt of briefs by counsel.

Jefferson National Bank ("Jefferson") sues First Virginia Bank ("First Virginia") for monies paid over to First Virginia for three cashier's checks issued by Jefferson and presented by First Virginia for collection which bore forged endorsements. First Virginia, in turn, sues W. J. Taylor Construction Company ("Taylor") as third party defendant since Taylor caused the forgeries to take place as part of a scheme to defraud. Taylor is in default herein.

The pertinent facts are that Taylor, by false representations, caused State Farm Insurance to issue its checks payable to Taylor and three different insureds of State Farm for work that was never done by Taylor. Taylor forged the endorsement of each insured and presented the checks to Jefferson for Jefferson to issue cashier's checks payable to the same payees. Taylor again forged the endorsements of the insureds and deposited the cashier's checks in its account with First Virginia. Taylor then withdrew the funds from its account with First Virginia. First Virginia thereafter presented the

cashier's checks to Jefferson in the collection process and they were paid by Jefferson. This suit to recover the payment by Jefferson to First Virginia follows.

Jefferson sues on three theories; (1) breach of warranty of good title and that all signatures are genuine and authorized under §8.4–207, Code of Virginia (1950) as amended, (2) conversion under §8.3–419, Code of Virginia (1950) as amended, and (3) negligence.

### (1) *The Breach of Warranty Theory*

Section 8.4–207 reads, in pertinent part:

> Warranties of customer and collecting bank on transfer or presentment of items . . . .
>
> (1) Each customer or collecting bank . . . warrants to the payor bank that
>
>   (a) he has a good title to the item . . . .
>
> (2) Each customer and collecting bank . . . warrants to his transferee . . . that
>
>   (a) he has good title to the item . . . .
>
>   (b) all signature are genuine or authorized . . . .

First Virginia argues that the warranty theory is inapplicable because the instruments sued upon here are cashier's checks governed by Title 8.3, not Title 8.4.

As pointed out by Jefferson, however, §8.4–102 and §8.3–103 specifically state, in pertinent part as follows:

> § 8.4–102. Applicability. — (1) To the extent that items within this title are also within the scope of Titles 8.3 and 8.8, they are subject to the provisions of those titles. In the event of conflict the provisions of this title govern those of Title 8.3 . . . .

> § 8.3–103. Limitations on scope of title. — (2) The provisions of this title are subject to the provisions on bank deposits and collections (Title 8.4) . . . .

The Court finds that the warranties set forth in §8.4–207 are applicable, that those warranties were breached by First Virginia, and that Jefferson is entitled to recover for such breach. *Federal Deposit Insurance Corp. v. Marine National Bank*, 303 F. Supp. 401 (M.D. Fla. 1969).

### (2) *The Conversion Theory*

Jefferson asserts that First Virginia converted the cashier's checks in question when it paid the checks by depositing them in the account of Taylor and the checks bore forged endorsements. Jefferson cites the pertinent Virginia UCC section as follows:

§ 8.3–419. Conversion of instrument; innocent representative. — (1) An instrument is converted when . . .
(c) it is paid on a forged indorsement . . . .

First Virginia argues that Jefferson by its own admission is a "payor bank" (§ 8.4–105) and thus only Jefferson "paid" the cashier's checks and only Jefferson can be guilty of conversion. Under such a construction only a "payor bank" could ever commit a conversion. The Court does not agree with such a construction. *First Virginia Bank-Colonial v. Provident State Bank*, 582 F. Supp. 850 (D. Md. 1984). The Court finds that First Virginia converted the cashier's checks and is liable therefor to Jefferson.

### (3) *The Negligence Theory*

Jefferson contends that First Virginia was negligent in its actions involving the three cashier's checks and is liable to Jefferson on that basis, citing *Tubin v. Rabin*, 389 F. Supp. 787 (N.D. Texas 1974). *Tubin*, however, held, in a case similar to the case at bar, that the collecting or depository bank (First Virginia) was liable in *conversion* to the owner of cashier's checks (Jefferson).

First Virginia, however, argues that the UCC has replaced any common law negligence action with a statutory remedy of conversion with the enactment of § 8.3–419(c), citing *Equitable Life Assur. Soc. of U.S. v. Okey*, 812 F.2d 906 (4th Cir. 1987). This Court agrees and finds for First Virginia on the negligence theory.

### *Damages*

The Court, having found for the Plaintiff Jefferson and against the Defendant First Virginia, finds Jefferson's damages to be as follows: (1) the face value of the cashier's checks in the amount of $18,750.00 pursuant to § 8.4–207; (2) prejudgment interest at 9% per annum from April 23, 1990; (3) court costs as taxed by the Clerk of the Court.

Jefferson requests attorney's fees and expenses other than court costs pursuant to §8.4–207(3), arguing that the broad language of this section authorizes the same citing, *inter alia, First Virginia*

*Bank-Colonial v. Provident State Bank*, 582 F. Supp. 850 (D. Md. 1984). First Virginia points out the attorney's fees granted in *First Virginia* were incurred in defense of an earlier suit. However, the last paragraph of the *First Virginia* opinion would indicate that attorney's fees for the suit against Provident would also be awarded. In any event, the question would appear to be moot in the case at bar since the evidence introduced is insufficient for the Court to make an award of attorney's fees. *Mullins v. Richlands National Bank*, 241 Va. 447, 449 (1991). The Court likewise is of the opinion that only "costs" specified by statute may be awarded.

The Court also awards Judgment over in favor of First Virginia and against Taylor for the same amount of the Judgment found herein in favor of Jefferson.