**COUNTY OF PIERCE, a Municipal Corporation of the State of Washington, Plaintiff,**

v.

**SUBURBAN BANK OF ELMHURST, Defendant.**

No. 92 C 2082.

United States District Court, N.D. Illinois, E.D.

Feb. 18, 1993.

Kenneth G. Mason, Chicago, IL, for plaintiff.

Arthur M. Solomon, Solomon & Behrendt, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

The County of Pierce ("County") filed suit against the Suburban Bank of Elmhurst ("Bank") alleging breach of warranty of good title. The County claims damages of $77,-147.11 as a result of the Bank's failure to obtain all endorsements on a warrant check issued by the County and deposited in an account with the Bank. The Bank moves for summary judgment claiming that the missing endorsement was not the cause of the County's loss. The Bank further claims that the County failed to give it timely notice of the missing endorsement. For the reasons set forth below, we grant the Bank's motion for summary judgment.

### FACTS

The County entered into a contract for road improvements with Semia Construction Company ("Semia") on April 18, 1989. The contract was assigned to Henry Disharoon and Victor Lazzaroni on July 13, 1989. On August 14, 1989, the County issued a warrant check payable to "H.W. Disharoon & V. Lazzaroni & Semia Construction Co. Suburban Bank of Elmhurst." The County intended the check for direct deposit in the account number 4016994 of the Bank. Disharoon endorsed the instrument on his own behalf and on behalf of Semia and to be deposited in the designated account on August 24, 1989. The Bank deposited the check in the proper account—number 4106994. Lazzaroni did not endorse the instrument. Disharoon subsequently misappropriated the funds in the account and failed to pay the project creditors. The County paid the face amount of the instrument on August 29, 1989 through a clearinghouse financial institution. All warrant checks were processed electronically and were not reviewed by the County unless the warrant number, account number, and dollar amount were inconsistent. The County became aware of a problem with the check on May 9, 1990.

Although the funds were eventually diverted by Disharoon, the account was not completely depleted until the end of October, two months after the check was deposited. In September, 1989, the average account balance was $64,671.00, and on October 17, 1989, the account balance was $34,898.89. On October 31, 1989, all funds were withdrawn from the account. The County did not notify the Bank during this time that there were any problems with the account or the check.

The County did not make a claim or demand upon the Bank until the service of summons in this action on or about April 1, 1992. No claim has been made against the County by virtue of the missing endorsement.

### SUMMARY JUDGMENT

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*

v. *Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Once the moving party has sustained its initial burden, the opposing party must come forward with specific evidence showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

## DISCUSSION

■ The County argues that the Bank violated the warranty of good title under § 4–207 of the Uniform Commercial Code by failing to obtain the endorsement of all payees on the check. 810 ILCS 5/4–207 (1992). Under § 4–207, a collecting bank warrants to a drawee bank that all endorsements on a check are valid. *Birmingham Trust Nat'l Bank v. Central Bank and Trust Co.,* 275 So.2d 148 (Ala.Civ.App.1973). A collecting bank which breaches the warranty is liable to a party which takes a check in good faith for damages suffered as a result of the breach. 810 ILCS 5/4–207(c) (1992). In addition, § 4–207(d) provides that a claimant must give the warrantor notice of a breach within 30 days after the claimant has reason to know of the breach. 810 ILCS 5/4–207(d) (1992).

Although the Bank's failure to obtain all endorsements on the check technically violates the warranty of good title under § 4–207, the County has not demonstrated that this failure was the cause of its damages. The check in question was deposited in account number 4016994 as intended by the County. Thus, the missing endorsement did not prevent the check from reaching the proper account. Unlike a situation in which a party endorsing a check improperly receives the funds from that check due to a bank's failure to check for proper endorsements; here, the Bank directed the funds to the proper account and once these funds were in the proper account, they were diverted. The County's damages are a result of Disharoon's misconduct rather than the Bank's failure to verify the endorsements.

A typical claim under § 4–207 is that of a payor bank which has paid a check, despite missing or false endorsements, against the collecting bank which failed to verify the endorsements. *See, e.g., First Nat'l Bank v.*

*Plymouth–Home Nat'l Bank,* 553 F.Supp. 448, 450 (D.Mass.1982); *Birmingham Trust Nat'l Bank,* 275 So.2d at 149. In *First Nat'l Bank v. Plymouth–Home Nat'l Bank,* the payor bank brought suit against the collecting bank after the collecting bank accepted a check with an unauthorized, typewritten endorsement. *First Nat'l Bank,* 553 F.Supp. at 449. Although the check had been issued to two payees, the collecting bank allowed one of the payees to deposit the check in its account with only the typewritten endorsement of the second payee. *Id.* The payor bank subsequently credited the account of the drawer, who issued a second check to the original payees. *Id.* at 450. The court held that the collecting bank was liable to the payor bank for breach of its duty under § 4–207. *Id.* at 454.

The present case differs from *First Nat'l Bank* and other cases brought under § 4–207 in one important respect. In the present case, the County admits that it designated its check for direct deposit in account number 4016994 at the Bank. Despite the Bank's technical violation in failing to obtain all endorsements, the check was deposited in the designated account. In *First Nat'l Bank,* one payee was permitted to deposit the check into its account to the detriment of the other payee. As a result, the drawee was forced to issue a second check to both payees and the payor bank was forced to reimburse the drawee for the first check.

In the present case, on the other hand, the check reached the very account for which it was designated by the County. The payee whose endorsement was absent from the check, Lazzaroni, has made no claim against the County as a result of the deposit of the check without his endorsement. The Bank's error in this case did not cause the proceeds of the check to be deposited in the wrong account. The County's loss was caused by Disharoon's misconduct after the check was deposited in the appropriate account.

■ When the lack of a payee's endorsement has caused no damage to the payee, drawer, or drawee, the collecting bank is not liable for damages for failing to obtain an endorsement. *Security Trust and Savings*

 

*Bank v. Federal Reserve Bank*, 269 F.Supp. 893, 896 (D.Mont.1967). The County is not automatically entitled to damages equal to the face amount of the check, rather it must show that it actually incurred damages in that amount as a result of the Bank's actions. *See Maier–Lavaty Co. v. Aetna State Bank*, 247 Ill.App. 419 (1928) (stating that the measure of the plaintiff's damages is the loss occasioned by the improper conduct of the defendant). In the present case, the Bank's technical violation of § 4–207 did not cause the plaintiff's damages. The plaintiff is therefore not entitled to collect the amount of the check from the Bank.

■ Because the County's claim under § 4–207 is not valid, it is unnecessary to address whether the County failed to give the Bank timely notice of the missing endorsement under § 4–207(d). It is worth noting, however, that the County did not notify the Bank of a problem with the check until over two and a half years after the check was deposited. Although a drawee bank generally has no duty to verify endorsements, *Federal Deposit Ins. Corp. v. Marine Nat'l Bank*, 303 F.Supp. 401, 403 (M.D.Fla. 1969), a party which issues and approves checks for payment should be held responsible for giving notice of a problem with one of its checks. *See Great American Ins. Cos. v. American State Bank*, 385 N.W.2d 460, 465–66 (N.D.1986) (stating that, when a party is both the drawer and the drawee of a check, "[b]oth logic and equity militate in favor of imposing primary responsibility to check the very draft which it issued in the first place to the 'forger' ").

If the County had notified the Bank of a problem with the check within two months after the date of deposit, the Bank would have been able to substantially reduce or prevent the damages altogether. The County admits that it became aware of a problem with the check on May 9, 1990, but it did not notify the Bank until almost two years later when it filed this suit. Although the Bank may no longer have been able to mitigate damages at this time, the County was clearly remiss in its obligation to give the Bank immediate notice of a problem.

CONCLUSION

For the foregoing reasons, the Bank's motion for summary judgment is granted.