OPINION OF THE COURT
Edward H. Lehner, J.
Before me is a motion by plaintiff The Bank of New York (BNY) for summary judgment as against defendant Fleet Bank, N. A. (Fleet), and a cross motion by Fleet for summary judgment dismissing the cause of action for attorneys’ fees.
BACKGROUND
In June 1996, John T. Makarewicz drew a check in the amount of $26,000 on an account he maintained at BNY payable to the order of “Bertram Corin, as Attorney”, and mailed it to Mr. Corin. On or about July 1, 1996, the check, bearing the purported endorsement signature of Mr. Corin, was deposited into the account of MSA Enterprises, Inc. (MSA) maintained at Fleet, which then forwarded it to BNY for payment. On July 2, 1996, BNY paid Fleet $26,000.
On or about July 17, 1996, Makarewicz notified BNY that Gorin’s endorsement on the check was forged and Corin subsequently delivered to BNY an affidavit executed by him confirming that assertion. BNY then sent a notice to Fleet dated July 19, 1996 requesting that it remit the sum of $26,000, which demand was followed up with a letter dated October 1, 1996 wherein BNY again sought repayment of the $26,000 and enclosed a copy of the Corin affidavit. This letter further advised Fleet that unless it made the requested payment, BNY would commence an action to recover the $26,000, as well as its “expenses related to the check, including BNYs reasonable attorneys fees”. Fleet failed to make the requested payment, and this lawsuit ensued.
The complaint contains two causes of action, the first for recovery of the amount of the check based on Fleet’s warranty of all prior endorsements (UCC 3-417, 4-207), and the second for recovery of attorneys’ fees (UCC 4-207). Fleet answered the complaint and (a) impleaded BNYs customer, John T. Makarewicz, as an additional defendant, and (b) commenced a third- *23 party action against its corporate customer/depositor MSA and its principals. However, Makarewicz, MSA and its principals have all failed to appear and are in default herein.
DISCUSSION
UCC 4-207 provides in part:
“(1) Each customer or collecting bank who obtains payment or acceptance of an item and each prior customer and collecting bank warrants to the payor bank or other payor who in good faith pays or accepts the item that
“(a) he has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title”.
Pursuant to this section, “each collecting and depositary bank warrants to the payor bank that signatures on checks presented to the payor bank are genuine. The policy behind the warranty provision is to place the ultimate loss for the improper payment on the collecting banks, it is felt that these parties are normally in the best position to detect a forgery and prevent the fraud” (Atlantic Bank v Israel Discount Bank, 108 Misc 2d 342, 346 [App Term, 1st Dept 1981]; see also, Leonard Smith, Inc. v Merrill Lynch, Pierce, Fenner & Smith, 129 AD2d 397 [3d Dept 1987]; Myers v First Natl. Bank, 42 AD2d 657 [3d Dept 1973]).
BNY has satisfactorily established its right to summary judgment with respect to the first cause of action as Fleet has failed to raise any factual issue that would warrant a denial of this relief. Contrary to Fleet’s claim, BNY’s motion is not predicated solely on information and belief and inadmissible evidence, but is based on the moving affidavit of a BNY vice-president who averred his personal knowledge (which included an examination of the books and records of BNY) of the facts of this case, to which is attached the aforesaid affidavit of Bertram Gorin.
Fleet’s contention that BNY’s motion is premature due to outstanding discovery is without merit. Fleet claims it lacks vital information regarding, among other things, the making, alleged mailing and nonreceipt of the check, as well as the facts concerning the unauthorized endorsement. Fleet contends that it is entitled to discovery of these background facts and claims it has attempted to obtain such information by, inter alia, (a) serving interrogatories and a demand for production of documents upon BNY, (b) commencing the third-party action against MSA and its principals, and (c) impleading Makarewicz as an additional defendant herein. As previously noted, *24 MSA, its principals and Makarewicz have all failed to appear herein, and BNY should not be penalized for these other parties’ defaults.
Mere hope that something might be uncovered through discovery provides no basis for denial of summary judgment (Moukarzel v Montefiore Med. Ctr., 235 AD2d 239 [1st Dept 1997]; Pow v Black, 182 AD2d 484 [1st Dept 1992]). Moreover, the matters about which Fleet seeks discovery are largely irrelevant to the outcome of this motion because BNY’s case against Fleet is predicated on the strict liability of UCC 4-207, which is a warranty by collecting banks given to payor banks against forged endorsements. The facts concerning, for example, how the endorsement was forged and wound up with Fleet’s customer are not relevant to BNY’s warranty claim. Fleet is, of course, free to sue the drawer of the check as well as the depositor, as it already has, and to pursue its remedies directly against these parties.
Regarding the cause of action for attorneys’ fees, UCC 4-207 (3), in relevant part, provides: “Damages for breach of such warranties or engagement to honor shall not exceed the consideration received by the customer or collecting bank responsible plus finance charges and expenses related to the item, if any”.
Although the section is silent on the topic of the recovery of attorneys’ fees, Official Comment 5 accompanying it states: “The ‘expenses’ referred to in this phrase may be ordinary collecting expenses and in appropriate cases could also include such expenses as attorneys fees.” (UCC 4-207 [3], Official Comment 5, McKinney’s Cons Laws of NY, Book 621/2, at 478.)
While BNY maintains that this Official Comment constitutes a sufficient legislative statement in support of its position, the Legislature did not explicitly provide for the recovery of attorneys’ fees in the text of UCC 4-207. Had the drafters of the UCC or our Legislature intended to include the recovery of counsel fees as a specific statutory form of damages, this could easily have been accomplished. In fact, in the UCC there are numerous specific references to an award of attorneys’ fees, to wit: section 2-A-108 (4) (a) (upon a finding of unconscionability, “the court shall award reasonable attorney’s fees”); section 3-106 (1) (e) (a sum payable is a sum certain even though it is to be paid “with costs of collection or an attorney’s fee or both”); section 3-604 (1) (a tender discharges all subsequent liability “for interest, costs and attorney’s fees”); section 4-A-211 (6) (under specified circumstances a party is liable to the bank “for *25 any loss and expenses, including reasonable attorney’s fees”); sections 4-A-305 (5) and 4-A-404 (2) (“reasonable attorney’s fees are * * * recoverable” under specified circumstances); section 9-504 (1) (a) (after a default under a security agreement, the proceeds of a sale shall be applied first to “the reasonable expenses of retaking * * * and, to the extent provided for in the agreement * * * the reasonable attorneys’ fees and legal expenses incurred”); and section 9-506 (for a secured party to redeem after a default, the same payments referred to in section 9-504 must be made).
While two unofficially reported decisions of New York State courts have, following the aforesaid Official Comment, awarded counsel fees under section 4-207 (Provident Natl. Bank v National Bank, 17 UCC Rep Serv 486 [Civ Ct, NY County 1975]; Long Is. Trust Co. v National Bank, 28 UCC Rep Serv 1442 [Sup Ct, Nassau County 1980]), the two Federal courts interpreting New York law on this issue have reached conflicting results. In Lund v Chemical Bank (675 F Supp 815 [SD NY 1987], revd on other grounds 870 F2d 840 [2d Cir 1989]), counsel fees were granted, whereas in Bank Polska Kasa Opieki v Pamrapo Sav. Bank (909 F Supp 948 [D NJ 1995]) the court (applying New York law) denied such fees, stating that in “the absence of a more specific legislative command authorizing the recovery of attorneys’ fees, the Court does not believe the New York Court of Appeals would authorize recovery of attorneys’ fees under N.Y.U.C.C. § 4-207(3)” (at 959).
Decisions from other jurisdictions have split on the issue as to whether this provision of the UCC for the recovery of “expenses relating to the item” authorizes the recovery of attorneys’ fees, with some courts answering in the negative (Valley Hosp. v Juliano, 280 NJ Super 517, 656 A2d 16 [1995]; McAdam v Dean Witter Reynolds, 896 F2d 750 [3d Cir 1990] [applying New Jersey law]; Riedel v First Natl. Bank, 287 Ore 285, 598 P2d 302 [1979]; Kobuszewski v Scriber, 518 So 2d 524 [La 1987]), while other courts have concluded that in an appropriate case counsel fees may be awarded (Southern Provisions v Harris Trust & Sav. Bank, 96 Ill App 3d 745, 422 NE2d 33 [1981]; McCarthy, Kenney & Reidy v First Natl. Bank, 402 Mass 630, 524 NE2d 390 [1988]; Guaranty Bank & Trust Co. v Federal Reserve Bank, 454 F Supp 488 [WD Okla 1977]; Minnesota Landmarks v Mortenson Co., 466 NW2d 413 [Minn 1991]; First Va. Bank-Colonial v Provident State Bank, 582 F Supp 850 [D Md 1984]).
Under the prevailing rule in New York, known as the “American Rule”, attorneys’ fees are considered merely incidental to *26 litigation and may not be recovered unless recovery is authorized by statute, court rule or written agreement of the parties (Hooper Assocs. v AGS Computers, 74 NY2d 487, 491 [1989]; Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; Green v Potter, 51 NY2d 627, 629-630 [1980]).
In Royal Discount Corp. v Luxor Motor Sales Corp. (9 Misc 2d 307 [App Term, 1st Dept 1957]), it was ruled that the “terms ‘costs’ and ‘expenses’ as employed in the assignment agreement do not include attorney’s fees, and attorney’s fees are not recoverable in the absence of express language in the contract or statute” (at 308). In Hayman v Morris (37 NYS2d 884 [Sup Ct, NY County 1942]), Justice Eder wrote (at 891) that it “is generally agreed that the term ‘costs’ or ‘expenses’, as employed in a statute, ordinarily do not include ‘attorneys fees’ ”.
Based on the numerous references in the UCC to specific instances where attorneys’ fees may be recovered, often amplifying a provision for the recovery of expenses (UCC 3-106, 4-A-211, 9-504, 9-506), I find that the omission in section 4-207 of the term “attorney’s fees” indicates a lack of intention to authorize the recovery of such fees for a breach of the warranty provided in that section. In a somewhat similar vein, in Green v Potter (supra) the Court of Appeals found that the omission in Mental Hygiene Law article 77 of any authorization for counsel fees in a proceeding under that article could not be considered unintentional as the article was patterned after article 78 of that law which contained provisions for such fees.
In Hooper Assocs. v AGS Computers (supra), it was held, with respect to the American Rule in a contract case, that “the court should not infer a party’s intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise” (at 492). That principle is similarly applicable when seeking to ascertain the intention of the Legislature.
While the “Official Comments” may be “powerful dicta for the Code” (Fruehauf Corp. v Yale Express Sys., 370 F2d 433, 437 [2d Cir 1966]), I find, for the reasons aforesaid, that section 4-207 cannot be said to be a statute authorizing the recovery of attorneys’ fees. Thus, Fleet’s motion to dismiss the second cause of action is granted.
Accordingly, the Clerk shall enter judgment in favor of plaintiff against Fleet on the first cause of action for $26,000, plus interest thereon from July 19, 1996.